**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Richard S. Crosby

    v.                                              Case No. 23-cv-379-SE-AJ

Social Security Administration

**Report and Recommendation**

Richard Crosby, proceeding pro se and in forma pauperis, has filed a complaint challenging the actions and decision of the Social Security Administration ("SSA") on his application for benefits.[1] In this case, Crosby alleges violations of federal criminal statutes, the Social Security Act, and the Tax Code. The case was referred for preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and Local rule 4.3(d)(2).

**Preliminary Review Standard**

On preliminary review, the court determines whether, stripped of legal conclusions, and with all reasonable inferences construed in the plaintiff's favor, the complaint

---

[1] Between June 2022 and August 2023, Crosby has filed four cases against the SSA. Crosby v. SSA, 23-cv-379-SE-AJ (D.N.H. filed Aug. 3, 2023) (alleging fraud); Crosby v. SSA, 23-cv-108-LM-AJ (D.N.H. filed Feb. 8, 2023, closed Mar. 6, 2023, affirmed on appeal July 11, 2023) (seeking review pursuant to 42 U.S.C. § 405(g)); Crosby v. SSA, 22-cv-469-SM (D.N.H. filed Nov. 7, 2022, closed Dec. 1, 2022)(seeking social security disability insurance benefits); Crosby v. SSA, 22-cv-234-SE (D.N.H. filed June 29, 2022, closed Aug. 19, 2022) (seeking social security benefits and alleging SSA fraud).

contains "sufficient factual matter, accepted as true, to state a claim to relief." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation omitted). The court may dismiss claims sua sponte if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See LR 4.3(d)(1). The court construes pro se plaintiffs' filings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## Background

In his current complaint, Crosby alleges that he applied for social security benefits on March 1, 2013. On November 7, 2014, the SSA determined that Crosby had been disabled by severe mental impairments since March 2013 and awarded him social security disability insurance ("SSDI") benefits. After that favorable decision, however, the SSA reopened Crosby's application, and, he alleges, made changes to his work history. The changes may have been related to an IRS tax lien or to a failure to file income tax returns.

The SSA's changes affected Crosby's insured status and made him ineligible for SSDI benefits. On July 6, 2015, the SSA notified Crosby that he was not eligible for SSDI benefits. Crosby alleges that the SSA awarded him supplemental security income ("SSI") instead of the disability insurance benefits he

2

had previously been awarded. Recently, Crosby has asked the SSA to review his self-employment earnings records for the years of 2001, 2002, and 2003, but the SSA replied that Crosby filed his tax returns for those years after the SSA's deadline for doing so had passed.

Crosby brings six claims against the SSA. In Count I, Crosby alleges that the SSA violated 18 U.S.C. § 1341, which prohibits mail fraud, by fraudulently removing years from his work history to deny him disability insurance benefits and using incorrect dates to fraudulently state that he filed his tax returns beyond the SSA deadline. In Count II, Crosby alleges that the SSA has committed mail fraud in violation of 18 U.S.C. § 1343, which prohibits wire fraud, by using the mail in connection with changing his work history and denying him benefits. In Count III, Crosby alleges that the SSA has committed wire fraud in violation of 18 U.S.C. § 1344, which prohibits bank fraud, by using wire communications to deny him disability insurance benefits. In Count IV, Crosby alleges that the SSA violated the public trust in violation of 18 U.S.C. § 286, which prohibits conspiracy to defraud the government with respect to claims, by removing years from his work history to deny him disability insurance benefits. In Count V, Crosby alleges that the SSA violated a provision of the Social Security Act, 42 U.S.C. § 405(h), by removing years from his work

history. In Count VI, Crosby alleges that the SSA violated the "26 U.S.C. § 6020(2)" of the Tax Code, by stating that he filed his tax returns beyond the deadline.

## **Discussion**

Even viewed generously, as is appropriate for pro se litigants, Crosby has not stated an actionable claim. For that reason, all of Crosby's claims should be dismissed and the case should be closed.

### A. Criminal Statutes

In the first four counts he asserts, Crosby alleges violations of criminal statutes, 18 U.S.C. §§ 286, 1341, 1343, and 1344. Those statutes, however, do not provide private causes of action. See Holscher v. Hess, 837 F. App'x 560 (9th Cir. 2021) (no private right of action for mail fraud under § 1341); DuBois v. Alves, No. CV 22-11203-RGS, 2022 WL 4376041, at *3 (D. Mass. Aug. 22, 2022) (no private right of action for wire fraud under § 1343), appeal dismissed, No. 22-1704, 2022 WL 19078141, at *1 (1st Cir. Dec. 22, 2022); Ritrovato v. E. Bank, No. CV 23-10713-RGS, 2023 WL 3260221, at *1 (D. Mass. May 4, 2023) (no private right of action for bank fraud under § 1344); Smith v. Wells Fargo Bank, N.A., No. 1:16 CV 08, 2016 WL 302206, at *2 (N.D. Ohio Jan. 25, 2016) (no private right of action for fraud

on the United States in violation of § 286). To the extent Crosby intended to allege state law fraud claims in Counts I through IV, those claims also would not be actionable because they are barred by sovereign immunity. See 28 U.S.C. § 2680(h); 42 U.S.C. § 405(h); Crosby v. SSA, 2022 DNH 99, 2022 WL 3544370, at *3-*4 (D.N.H. Aug. 18, 2022). Therefore, the District Judge should dismiss Counts I through IV as those counts are not actionable.

### B. Violation of the Social Security Act

In Count V, Crosby alleges that the SSA's actions in his case violated § 405(h) of the Social Security Act, which provides:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h). To the extent Crosby intended to allege that the SSA could not reopen his case because the initial decision was binding, he is mistaken. The SSA Commissioner may reopen a decision in certain circumstances, including a situation in which there is good cause to do so within four years of the

5

initial determination, or at any time when the determination was, among other things, obtained by fraud. See 20 C.F.R. § 404.988.

The Appeals Council stated in its July 6, 2015 decision that the initial favorable decision on Crosby's application was reopened pursuant to 20 C.F.R. §§ 404.987-989, that Crosby was given an opportunity to submit new comments and material evidence in the reopened matter, and that Crosby did not provide new comments or material evidence. Crosby alleges no facts to demonstrate a violation of 42 U.S.C. § 405(h). Further, as was already decided in Crosby's first case in this court, § 405(h) bars Crosby's claims against the SSA because Crosby is seeking to recover social security benefits. See Crosby, 2022 WL 3544370, at *3. The District Judge, therefore, should dismiss Count V.

### C.  Violation of the Tax Code

In Count VI, Crosby alleges that the SSA violated "§ 6020(2)" of the Tax Code. Section 6020 provides as follows:

> (a) Preparation of return by Secretary.--If any person shall fail to make a return required by this title or by regulations prescribed thereunder, but shall consent to disclose all information necessary for the preparation thereof, then, and in that case, the Secretary may prepare such return, which, being signed by such person, may be received by the Secretary as the return of such person.

>   (b) Execution of return by Secretary.--
>
>   > (1) Authority of Secretary to execute return.--If any person fails to make any return required by any internal revenue law or regulation made thereunder at the time prescribed therefor, or makes, willfully or otherwise, a false or fraudulent return, the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise.
>   >
>   > (2) Status of returns.--Any return so made and subscribed by the Secretary shall be prima facie good and sufficient for all legal purposes.

26 U.S.C. § 6020. Crosby's reference to "6020(2)" is unclear. He may have intended to cite § 6020(b)(2), which provides that substitute tax returns made by the Secretary are sufficient, because the SSA did not accept his tax returns. He does not allege, however, that a substitute return was made by the Secretary for him or that the SSA refused to accept his tax return because it was a substitute return prepared under § 6020(b)(2). Section 6020 does not pertain to the SSA's deadline for filing tax returns, nor do the actions by the SSA that Crosby alleges appear to violate any part of § 6020. Further, there is no private right of action under § 6020, even when a substitute return is filed pursuant to the statute. See Calen v. United States, No. 18-cv-2183(JMA)(AKT), 2021 WL 4356041, at *8 (E.D.N.Y. Sept. 24, 2021); In re Rae, 436 B.R. 266, 273 (D. Conn. 2010).

## Conclusion

For the foregoing reasons, the District Judge should dismiss the complaint (doc. no. 1) for failure to state a cognizable claim, and should direct the Clerk of Court to enter judgment and close the case. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion.

Only those issues raised in the objection to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Natl Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

August 14, 2023

cc: Richard S. Crosby, pro se